**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

RAMONA ROMAN-CARMONA, ET AL.,

    Plaintiffs,

       v.                                      CIV. NO. 05-1649(PG)

COLONEL AGUSTIN CARTAGENA, ET AL.,

    Defendants.

**OPINION AND ORDER**

    Before the Court are co-defendants Jose Caldero, Sergeant Rodriguez, Officer Arrocho, Pablo Ortiz, and Josue Vazquez' Motions to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6). **(Docket Nos. 14 & 31.)** For the following reasons, the Court **DENIES** co-defendants' motions.

**BACKGROUND**

    When ruling on a 12(b)(6) motion a court must accept all well-pled factual averments as true and draw all reasonable inferences in favor of the non-moving party. <u>Berezin v. Regency Savings Bank</u>, 234 F.3d 68, 70 (1st Cir. 2000); <u>Negron-Gaztambide v. Hernandez-Torres</u>, 35 F.3d 25, 27 (1st Cir. 1994). Accordingly, the Court culls the relevant facts from the Complaint.

    Plaintiff David Rodriguez Roman ("Rodriguez Roman")lives with his elderly mother, Mrs. Ramona Roman Carmona. On December 30, 2004, at around 5:15 a.m., Rodriguez Roman heard loud noises coming from outside his apartment. He looked outside and saw a group of armed police agents wearing masks and helmets. He then realized that they were at his door.  When he opened the door the police officers told him to turn around and put his hands on the wall.  They arrested him and told him they had an arrest warrant for his brother. Rodriguez Roman told the police officers that his brother did not live there. Notwithstanding, the officers entered the apartment without an order and without Mr. Rodriguez Roman's consent and searched it. Mr. Rodriguez Roman told the officers to be careful when entering his mother's room because she is an elderly sick woman. All the same, the officers entered Mrs. Ramona Roman Carmona's room armed and wearing masks which caused her anxiety and distress. Thereafter, the officers seized legal firearms that belonged to Mr. Rodriguez Roman along with ammunition, and $6,000 in cash. They also seized Mr.

Civ. 05-1649 (PG)                                                        Page 2

Rodriguez Roman's firearm license. The ordeal lasted about half an hour. The officers filed charged against Mr. Rodriguez Roman and his arrest was published in all major news services. Mr. Rodriguez Roman was eventually exonerated but had to defend himself of the false charges that were filed against him. Plaintiffs filed suit to recover for the physical and emotional damages suffered as a result of the intervention.

## DISCUSSION

Plaintiffs allege that defendants, acting under color of state law, with deliberate indifference and callous disregard, unreasonably and illegally entered plaintiffs' home without an order, restrained their freedom, conducted a full search of the home, seized and illegally appropriated property belonging to Rodriguez Roman, arrested him, and filed unfounded criminal charges against him all in violation of plaintiffs' Fourth Amendment rights. (Docket No. 1 at 1-2.) Defendants move to dismiss the complaint arguing, inter alia, that plaintiffs' fail to state a claim under §1983 for violation of their constitutional rights.

To prevail in their §1983 claim, plaintiffs must allege:(1) that defendants acted under color of state law and (2) that defendants deprived them of a federally protected right. See Rogan v. City of Boston, 267 F.3d 24, 27 (1st Cir. 2001). Having reviewed the complaint, it is clear that plaintiffs have met this initial burden. See Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004)("[T]he complaint should at least set forth minimal facts as to who did what to whom, when, where, and why")).

Defendants argue that the case should be dismissed because there were no civil rights violations inasmuch as following the intervention, Mr. Rodriguez Roman was taken before a magistrate who found probable cause to arrest him in connection with various weapons law violations. At this stage of the proceedings, and pursuant to the applicable standard, plaintiffs do not have to conclusively prove their case. They need only allege facts that if proven true would entitled them to relief.

When faced with the task of adjudicating motions to dismiss under Rule 12(b)(6), Courts "must apply the notice pleading requirements of Rule 8(a)(2). Educadores Puertorriquenos en Accion, 367 F.3d at 66. "Under that rule, a

Civ. 05-1649 (PG)                                                      Page 3

complaint need only include a short and plain statement of the claim showing that the pleader is entitled to relief ... [which] must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. (quoting Conley v. Gibson, 355 U.S. 41, 47(1957))(internal quotations omitted). Indeed, "a court confronted with a Rule 12(b)(6) motion may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Id.(quoting Hishon v. King & Spalding, 467 U.S. 69, 73(1984)(quotations omitted).

From the face of the complaint, it would be fair to say that the intervention infringed plaintiffs' constitutional rights inasmuch as the police officers had no legal authorization to enter plaintiffs' home. When the officers arrived at the house and entered it they did not have a search warrant or an arrest warrant for Mr. Rodriguez Roman. The officers had only an arrest warrant for Mr. Rodriguez Roman's brother who according to the complaint, does not live with plaintiffs. Furthermore, Rodriguez Roman specifically told the police officers that his brother did not live there, yet they proceeded to search the house and arrest him. What is more, the charges against Mr. Rodriguez Roman were later dismissed because he had a license to posses the firearms that were seized that day. The probable cause determination after the intervention does not cure the fact that the police did not have a warrant to search the apartment or to arrest Mr. Rodriguez Roman. At this stage to the proceedings, we have no indication as to what reasonable grounds the police had to carry out the search and arrest without a warrant.

Having carefully reviewed the pleadings, the Court finds that plaintiffs complaint complies with Fed.R.Civ.P. 8(a)(2)'s requirements. Accordingly, defendants' Motions to Dismiss are **DENIED.**

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, August 22, 2006.

                                              S/JUAN M. PEREZ-GIMENEZ
                                              U. S. DISTRICT JUDGE