**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

RAMONA ROMAN-CARMONA, ET AL.,

    Plaintiffs,

       v.                           CIV. NO. 05-1649(PG)

COLONEL AGUSTIN CARTAGENA, ET AL.,

    Defendants.

**OPINION AND ORDER**

Before the Court is co-defendant Jose Caldero's Motion for Judgment on the Pleadings. **(Docket Nos. 47)** For the following reasons, the Court **DENIES** co-defendant's motion.

**DISCUSSION**

Motions under Fed. R.Civ P. 12(c) are normally "evaluated under the familiar standard applicable to a Rule 12(b)(6) motion to dismiss'." Medina Perez v. Fajardo, 257 F.Supp.2d 467, 471 (D.P.R. 2002). See Whiting v. Maiolini, 921 F.2d 5, 6 (1st Cir.1990)(holding that a District Court may treat a Motion for Judgment on the pleadings as a rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted). See also NEPSK, Inc. v. Town of Houlton, 283 F.3d 1,8 (1st Cir.2002). The reason being that "when a federal court reviews the sufficiency of a complaint, before the reception of any evidence . . . the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236-37(1974). When ruling on a 12(b)(6) motion a court must accept all well-pled factual averments as true and draw all reasonable inferences in favor of the non-moving party. Berezin v. Regency Savings Bank, 234 F.3d 68, 70 (1st Cir.2000); Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir.1994). When faced with the task of adjudicating motions to dismiss under Rule 12(b)(6), Courts "must apply the notice pleading requirements of Rule 8(a)(2). Educadores Puertorriquenos en Accion, 367 F.3d at 66. "Under that rule, a complaint need only include a short and plain statement of the claim showing that the pleader is entitled to relief ... [which] must give the defendant fair notice of what the plaintiff's claim is and the grounds upon

Civ. 05-1649 (PG)                                                    Page 2

which it rests." Id. (quoting Conley v. Gibson, 355 U.S. 41, 47(1957))(internal quotations omitted). With this standing in mind, the Court culls the relevant facts from the Complaint. (Docket No. 1.)

Plaintiff David Rodriguez Roman ("Rodriguez Roman")lives with his elderly mother, Mrs. Ramona Roman Carmona. On December 30, 2004, at around 5:15 a.m., Rodriguez Roman heard loud noises coming from outside his apartment. He looked outside and saw a group of armed police agents wearing masks and helmets. He then realized that they were at his door.  When he opened the door the police officers told him to turn around and put his hands on the wall.  They arrested him and told him they had an arrest warrant for his brother. Rodriguez Roman told the police officers that his brother did not live there. Notwithstanding, the officers entered the apartment without an order and without Mr. Rodriguez Roman's consent and searched it. Mr. Rodriguez Roman told the officers to be careful when entering his mother's room because she is an elderly sick woman. All the same, the officers entered Mrs. Ramona Roman Carmona's room armed and wearing masks which caused her anxiety and distress. Thereafter, the officers seized legal firearms that belonged to Mr. Rodriguez Roman along with ammunition, and $6,000 in cash. They also seized Mr. Rodriguez Roman's firearm license. The ordeal lasted about half an hour.  The officers filed charged against Mr. Rodriguez Roman and his arrest was published in all major news services.  Mr. Rodriguez Roman was eventually exonerated but had to defend himself of the false charges that were filed against him. Plaintiffs filed suit to recover for the physical and emotional damages suffered as a result of the intervention.

Co-defendant Caldero moves for judgment on the pleadings arguing that plaintiffs have failed to allege that he, as supervisor of the police officers who carried out the operative, infringed plaintiffs' constitutional rights. He insists that plaintiffs' claim must be dismissed because there is no *respondeat superior* liability under §1983.

Supervisory liability under §1983 may not be predicated upon a theory of respondeat superior. Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 562 (1st Cir.1989); see Lipsett v. University of Puerto Rico, 864 F.2d 881, 901-02 (1st Cir.1988). A supervisor "may be found liable only on the basis of her own acts or omissions." Gutierrez-Rodriguez, 882 F.2d at 562; see Figueroa v.

Civ. 05-1649 (PG)                                                        Page 3

Aponte-Roque, 864 F.2d 947, 953 (1st Cir.1989). To prevail in their claim plaintiffs must show that the supervisor's conduct or inaction amounted to a reckless or callous indifference to their constitutional rights and that there is an affirmative link between the street-level misconduct and the action, or inaction, of supervisory officials. Gutierrez-Rodriguez, 882 F.2d 562 (citations omitted).

Having carefully reviewed the complaint, the Court finds that it withstands co-defendant's challenge. As plaintiffs point out, the complaint contains allegations specifically stating that the supervisors, including co-defendant Caldero, acted with deliberate indifference and callous disregard to plaintiffs' constitutional rights. Plaintiffs allege that co-defendants were informed of the improper screening, selection, recruitment and training of the police officers and did nothing. Plaintiffs also claim that co-defendants had information of the situation and nevertheless failed to take remedial measures to avoid the unconstitutional conduct. Furthermore, plaintiffs claim that co-defendants had information and/or were aware that the police officers had the practice and custom of entering people's homes illegally and yet they failed to address and remedy the situation. Finally, plaintiffs allege that co-defendants took part in the planning of the operative in which plaintiff's rights were violated.  In sum, plaintiffs have pled sufficient facts to show that Caldero's actions and inactions infringed their constitutional rights. See Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004)("[T]he complaint should at least set forth minimal facts as to who did what to whom, when, where, and why")).

Therefore, having carefully reviewed the pleadings, the applicable case law, at this stage of the proceedings, the Court **DENIES** co-defendant Jose Caldero's motion. (Docket No. 47.)

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, June 6, 2007.


                                           S/JUAN M. PEREZ-GIMENEZ
                                           U. S. DISTRICT JUDGE